of counsel for appellant that, where there is no contract, the tenant, if he makes ordinary repairs, can make no claim for deduction from the rent; but he claims, where the repairs necessary are "substantial and lasting," "such as putting on a new roof," &c., the rule is otherwise.   The case above cited shows the contrary, for there the repairs made by the tenant were necessary to render the premises habitable; but as the tenant there, as well as in this case, rented the place knowing the condition in which it was, and there was no contract on the part of the landlord to repair, the tenant was not entitled to any deduction.

3. While the landlord would be liable for all damages which the tenant might sustain by reason of the breach of his contract to repair, yet the tenant should not stand quietly by and voluntarily allow his property to remain exposed to injury, thus contributing to his own loss, but, "rather than" do this, he ought to make the repairs himself, and charge the same to the landlord, unless prohibited from doing so by the landlord.

Judgment affirmed.   OPINION by MR. JUSTICE McIVER, February 26, 1890.   *Nicholls & Moore,* for appellant.   *Duncan & Sanders,* contra.

No. 2546.   FARRINGTON v. DUVAL.   November Term, 1889. This was an action to recover a tract of land, and the defence was that while the sheriff had made a deed of this land to plaintiff, the purchase money had been all paid by defendant.   *Held*—

1. That the finding of the jury under the issues submitted to them that defendant had paid the sheriff for the land in dispute having been approved by the Circuit Judge, and sustained by direct and positive testimony and by corroborating circumstances, it follows as matter of law that there is a resulting trust in favor of defendant.

2. Defendant having paid her bid to the sheriff, it could not affect her rights if he misappropriated the money.   And as there is no evidence of any such misappropriation, the presumption is that he did his duty by properly applying it.

3. The "Case" does not show that two former verdicts in favor of defendant had been successively set aside by two Circuit Judges, and therefore this matter is not before the court; but if

it had been so, it would then appear that three separate juries had found for defendant.

Judgment (Fraser, J.) affirmed. OPINION by MR. JUSTICE McIVER, February 26, 1890. *H. W. Harris* and *McDonald & Douglass*, for appellant. *Ragsdale & Raysdale*, contra.

No. 2562. JACKSON *v.* JACKSON. November Term, 1889. This was an action for the recovery of money, in which the judgment of the Circuit Court (Pressley, J.) was reversed because the judge charged upon the facts.

The exceptions charged error to the charge in the following portions:

1. "Plaintiff's counsel asked defendant if there was not in his father's possession, among those papers, an unpaid note of defendant to his father. Now, how could he have known that unless plaintiff had told him, and how would plaintiff have known that unless he had seen that bundle of papers? He asked that question: 'Was there not, in that bundle of papers in your father's possession, a note you owe your father?'"

2. "Plaintiff says he never saw the paper before he saw it in court; that he was not there all the time the papers were being looked over; that he never saw the papers; but he does not say he did not tell the defendant that he was not satisfied with the settlement. He just says he never saw that paper until he saw it in court."

3. "But is not the asking him, whether that note was not among those papers, an acknowledgment by him that he did see that bundle of papers? How else would he know it? You are to answer that question."

4. "When an interested witness testifies to you, you are to make allowance for his testimony. Your method for making allowance is to determine, by your common sense and experience, whether the matter he testified to be reasonable or not; you will determine that matter. And, further, gentlemen, you have heard the testimony of Mr. Burch, Mr. Guise, and of the defendant, Jackson, that, although the plaintiff managed the plantation, the general direction as to its management was given by the father."

This court say: "We entirely appreciate the difficulty of a judge doing his whole duty, and at the same time stopping at the